1  STEVE K. WASSERMAN, ESQ. (Bar No. 58573)
     swasserman@wccelaw.com
2  KATHRYN S. MARSHALL, ESQ, (Bar No. 175081)
     kmarshall@wccelaw.com
3  WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
   5567 Reseda Boulevard, Suite 330
4  Post Office Box 7033
   Tarzana, California 91357-7033
5  Telephone: (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 345-0162
6
   Attorneys for Defendant JASSOON, INC.
7

FILED
CLERK, U.S. DISTRICT COURT
MAR 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONE DESIGN, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRACKER BARREL OLD COUNTRY STORE, a Tennessee corporation, JASSOON, INC., a California corporation,<br><br>Defendants. | CASE NO. CV13 3532 RGK (PJWx)<br>*Assigned to the Honorable R. Gary Klausner, Room 850*<br><br>[~~PROPOSED~~] ORDER<br><br>[Filed concurrently with Notice Of Motion And Motion For Entry Of Protective Order For Production In Connection With Third Party Subpoena For Shutterstock, Inc.; Declaration Of Kathryn S. Marshall]<br><br>Date: April 4, 2014<br>Time: 11:00 am<br>Crtrm.: 23, 3rd Floor<br><br>Hearing Judge: Hon. Magistrate Patrick J. Walsh |
| JASSOON, INC., a California corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SO CAL SUBLIMATION,<br><br>Third-Party Defendant. | |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1066215.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

BASED UPON THE MOTION FOR ENTRY OF PROTECTIVE ORDER FOR PRODUCTION IN CONNECTION WITH THIRD PARTY SUBPOENA FOR SHUTTERSTOCK, INC., AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order - including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person or party subject to this Order who receives from Shutterstock, Inc. any information of any kind provided in the course of discovery in the action ("Discovery Material") that is designated as "Confidential" and/or "Confidential/Plaintiff's Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. "Confidential" and/or "Confidential/Plaintiff's Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Plaintiff's Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party.

2. Shutterstock, Inc. in responding to the subpoena of Jassoon, Inc. and/or producing any given Discovery Material may designate as "Confidential" or "Confidential/Plaintiff's Eyes Only" such portion of such material as consists of:

      (a)    any information of a private, confidential or intimate nature regarding any individual;

      (b)    any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

      (c)    any business or financial information that is confidential, proprietary or commercially sensitive to third parties who have had business dealings with parties to this action; or

      (d)    any other category of material or information hereinafter given Confidential status by the Court.

3. With respect to the Confidential portion(s) of any Discovery Material, Shutterstock, Inc. may designate such portion(s) as "Confidential" or "Confidential/Plaintiff's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Plaintiff's Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility.

4. DOCUMENTS UNDER SEAL: Any party wishing to submit to the Court documents or information that have been designated by Shutterstock, Inc. as "Confidential" or "Confidential/Plaintiff's Eyes Only" must submit an application to do so in accordance with Local Rule 79-5.1 and must submit such confidential documents, information or transcripts under seal.

5. No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

producing person or party as "Confidential" to any other person whomsoever, except to:

    (a)    the parties to this action;

    (b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)    any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    stenographers engaged to transcribe depositions conducted in this action;

    (f)    the Court and its support personnel; and

    (g)    as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

6.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 5(d) above, such person shall be provided by

counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Unless ordered by the Court, no person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Plaintiff's Eyes Only" to any other person whomsoever, except to:

(a) Plaintiff;

(b) Plaintiff's outside counsel of record in this action, including any paralegal, clerical, and other assistant employed by such outside counsel and assigned to the matter and to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(c) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

///

(d) Defendants' outside counsel of record in this action, including any paralegal, clerical, and other assistant employed by such outside counsel and assigned to the matter and to whom it is reasonably necessary to disclose such Confidential Discovery;

(e) the Court; and

(f) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 7(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court and the party asserting confidentiality shall have the burden of proving same.

1066215.1

6
[PROPOSED] ORDER

10. This Protective Order shall survive the termination of the litigation. No party shall, at any time after the final disposition of this action, including all appeals, disclose any Discovery Materials designated as "Confidential," and/or "Confidential/Plaintiff's Eyes Only" to any other person or entity.

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED.

DATED: March 7, 2014

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATION OF SERVICE

I hereby certify that on March 5. 2014, I electronically filed [PROPOSED] ORDER [Filed concurrently with Notice Of Motion And Motion For Entry Of Protective Order For Production In Connection With Third Party Subpoena For Shutterstock, Inc.; Declaration Of Kathryn S. Marshall] with the Clerk of the Court by using the CM/ECF system.

Respectfully Submitted,

*s/KATHRYN S. MARSHALL*
KATHRYN S. MARSHALL

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I understand that access to information designated as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL/ATTORNEYS' EYES ONLY that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033