## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|---|---|---|---|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

# JS - 6

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| Proceedings: | **(IN CHAMBERS) Order re: Defendants' Motion for Summary Judgment (DE 43); Plaintiff's Motion for Partial Summary Judgment (DE 48)** |
|---|---|

## I.    INTRODUCTION

On May 16, 2013, Mone Design, Inc. ("Plaintiff") filed this action against Cracker Barrel Old Country Store and Jasson, Inc. (collectively, "Defendants") alleging three claims: (1) Copyright Infringement; (2) Unfair Competition Under California Business and Professions Code § 17200, et. seq.; and (3) Common Law Unfair Competition.

Before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. For the following reasons, the Court **GRANTS** Defendants' Motion, and **DENIES** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

The facts giving rise to this action are alleged as follows:

Plaintiff specialized in the manufacture of ladies' garments that incorporated graphic designs using sublimation printing. Plaintiff hired graphic designers to create the designs used on the garments.

Plaintiff alleges that its business partner, Jinny Lee, was a garment designer who had done work for Defendant Cracker Barrel, a national retailer of clothing and other goods. Based on her knowledge of the type of garments that might appeal to Cracker Barrel, Ms. Lee called upon an acquaintance, Mr. Kim, to help promote Plaintiff's garments to Cracker Barrel. Ms. Lee prepared sample garments, sublimated with Plaintiff's designs MD2752 ("Feather Design") and MD3863C ("Striped Rose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|----------|----------------------------|------|-----------------|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

Design").[1] According to Plaintiff, Mr. Kim received the sample garments from Ms. Lee and presented them to Cracker Barrel. Cracker Barrel then placed an order with Mr. Kim for garments and graphics from Plaintiff's designs. However, rather than placing those orders with Plaintiff, Mr. Kim took the orders to Defendant Jassoon, who replicated the garment pattern and copied the graphic images on each garment. Plaintiff alleges that Jassoon manufactured and sold approximately 6,000 infringing garments per design to Cracker Barrel, who sold the garments in its stores.

## III.   JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. 56(a). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a).

To prevail on a summary judgment motion, the moving party must show taht there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. *See id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## IV.   DISCUSSION

Plaintiff moves for partial summary judgment on the sole issue that it owns valid copyrights in the Feather and Striped Rose designs ("Subject Designs"). Defendants move for summary judgment on all claims based on the contention that Plaintiff, in fact, does not validly own the copyrights. Defendants argue that the first claim for copyright infringement fails because Plaintiff cannot show it owns copyrights in Subject Designs. Defendants further argue that the second claim for statutory unfair competition and third claim for common law unfair competition also fail because they are preempted by the Copyright Act. The Court agrees and discusses each claim in turn.

---

[1] A third design, MD 5276 ("Peony Design"), was also sampled and at issue in this action. However, Plaintiff has since abandoned the copyright in this design and does not oppose dismissal of the copyright infringement claim as it pertains to this design.

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|---|---|---|---|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

## A.     First Claim: Copyright Infringment

To prevail on its copyright infringement claim, Plaintiff must prove (1) ownership of a valid copyright in the Subject Designs; and (2) infringement, meaning that Defendants copied protected elements of Plaintiff's work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 341 (1991); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Defendant challenges Plaintiff's claim on the first prong: that Plaintiff is not the copyright owner of the Subject Designs.

Under the Copyright Act, a copyright initially vests in the author of the work. 17 U.S.C § 201(a). The author is defined as the person "who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). The statute carves out an exception, however, for "works made for hire." *Id.* "If the work is for hire, 'the employer or other person for whom the work was prepared is considered the author' and owns the copyright unless there is a written agreement to the contrary." *Id.* (quoting 17 U.S.C. §201(b)). The statute further states that a work is "for hire" under two sets of circumstances. The first is where the work is prepared by an employee within the scope of his or her employment. The second is where the work has been "specially ordered or commissioned,"[2] and the parties involved have signed a written agreement stating that the work shall be considered a work made for hire. 17 U.S.C. §101. If the author of the work is not an employee, but rather an independent contractor, the work is considered "for hire" only if it is "specially ordered or commissioned."

As an initial matter, the Copyright Act states that if a certificate of registration is made by the Copyright Office before or within five years after the copyrighted work was first published, the certificate is prima facie evidence that the plaintiff is the copyright owner, and that the copyright is valid. 17 U.S.C. § 410(c). Therefore, a certificate of registration creates a presumption of ownership of a valid copyright, which the defendant has the burden to rebut. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). Plaintiff has introduced evidence that it holds Certificates of Registration for the Subject Designs, issued within five years after the designs were first published. (Choe Decl. in Support of P's Mot. for Partial Summ. J., ¶¶ 12 and 17, Exs. E, F, and K.) Therefore, Plaintiff has established a rebuttable presumption that it owns a valid copyright in the Subject Designs.

To rebut this presumption, and in support their motion for summary judgment, Defendants introduce evidence that the copyrights at issue are not valid, as Plaintiff is not the creator of the designs and the designs were not works for hire. Specifically, Defendants' evidence shows that the Subject

---

[2] Section 101 of the Copyright Act defines "specially ordered or commissioned" works as works made for use as (1) a  contribution to a collective work, (2) part of a motion picture or other audiovisual work, (3) a translation, (4) a supplementary work,(5) a compilation, (6) an instructional text, (7) a test, (8) answer material for a test, or (9) an atlas.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|---|---|---|---|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

Designs were not created by Plaintiff, but rather by graphic designers hired by Plaintiff. This fact is undisputed. (Pl.'s Responses to Separate Statement in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s SDF"), Nos. 14-18, 22.)

As to whether Plaintiff is the author under the work for hire doctrine, it is undisputed that the designs do not fall under the enumerated categories defined as "specially ordered or commissioned." As such, the designs cannot be considered works for hire under the second set of circumstances articulated in Section 101(b). The relevant issue then, is whether the first set of circumstances applies; that is, whether the graphic designers were employees who created the designs within the scope of their employment.

Defendants have introduced deposition testimony from David Choe, Plaintiff's president and majority shareholder. According to Mr. Choe's testimony, Lina Quan was likely the designer who created the Subject Designs, although "Areum" and "Gina" were also hired as graphic designers during unspecified times. (Marshall Decl., Ex.2 at 48:8-49:13.) In his deposition, Mr. Choe states that all of the graphic designers were "freelancers." (*Id*. at 50:24-51:9.) With regard to Lina Quan, specifically, Mr. Choe states, "she got a 1099, so she was just a freelancer." (*Id*. at 51:1-2.) Additionally, in a Second Set of Interrogatories, Cracker Barrel requests Plaintiff to identify each person who was employed by Plaintiff as a graphic designer or artist in the relevant time period. After making objections, Plaintiff states, "Plaintiff responds none." (Marshall Decl., Ex. 1 at 4:11-15.) Cracker Barrel also requests Plaintiff to identify each independent graphic designer or artist who performed services for Plaintiff. After making objections, Plaintiff states, "Plaintiff responds Lina Quan (contact information is unavailable)." (*Id*. at 4:16-22.) The Court finds that this set of facts successfully rebuts the presumption that Plaintiff owns a valid copyright in the Subject Designs. The Court also finds that these facts show that the Subject Designs were created by independent contractors, rather than employees. As such, the burden of production shifts to Plaintiff to raise a triable issue of material fact as to this issue.

In opposition, Plaintiff correctly argues that the facts set forth by Defendants do not conclusively establish that the graphic designers were independent contractors, as opposed to employees. Rather, the determination of whether a hired party is an employee rests on the general common law of agency. *Community for Creative Non-Violence*, 490 U.S. at 751. In making such determination, a court must consider the hiring party's right to control the manner and means by which the product is accomplished. *Id*. In support of its position, Plaintiff relies primarily on declarations Mr. Choe made subsequent to the deposition that Defendants rely upon. In one declaration, Mr. Choe states that after his deposition, he contacted Ms. Quan and executed a written agreement and acknowledgment detailing her employment relationship with Plaintiff, and the nature of her work product during the relevant time. ((Choe Decl. in Opp'n to Defs.' Mot. for Summ. J.) In another declaration, Mr. Choe states that, subsequent to his deposition, he reviewed additional business records to refresh his recollection. Mr. Choe then provides detailed statements regarding Plaintiff's control over the jobs and duties of the graphic designers. (Choe Decl. in Support of Pl.'s Mot. for Partial Summ. J.)

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|---|---|---|---|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

Upon review, however, the Court finds Plaintiff's evidence inadmissible. Plaintiff offers both the agreement and Mr. Choe's statements for the truth of the matter asserted. As to the agreement, it is clear that the document was prepared during the course of litigation. Therefore, the business records exception does not apply, nor does there appear to be any other hearsay exception that applies. As to Mr. Choe's statements, the prior deposition testimony establishes that Mr. Choe has no personal knowledge of Plaintiff's day-to-day operations. (*See* Marshall Decl., Ex. 2 at 25:8-16.) In fact, in response to most of the questions posed to Mr. Choe about the business, he states, "I'm not sure," and "I don't know the details." (*See generally*, Marshall Decl., Ex. 2.) Then, in his post-deposition declaration, Mr. Choe proceeds to describe in great detail, among other things, Plaintiff's regular course of business as it pertained to graphic designers. (Choe Decl. in Support of Pl.'s Mot. for Partial Summ. J. at ¶ 3.) In doing so, Mr. Choe explains that he reviewed Plaintiff's records to refresh his memory. However, Mr. Choes declaration does not state that, contrary to his deposition testimony, he now has personal knowledge. Furthermore, to the extent the reviewed records establish the truth of Mr. Choe's statements, the best evidence rule applies (as codified in the Federal Rules of Evidence 1001-1008). Without admitting into evidence the records themselves, Mr. Choe's statements merely constitute inadmissible hearsay.

In light of the foregoing, Plaintiff fails to raise a triable issue refuting the fact that Plaintiff's graphic designers were independent contractors, rather than employees. As stated above, work performed by an independent contractor is considered "for hire" only when it is "specially ordered or commissioned," as defined in §101(b) of the Copyright Act. It is undisputed that the Subject Designs do not fall within this category of work. Therefore, as a matter of law, the Court finds that Plaintiff does not validly owns copyrights in the Subject Designs, and grants summary judgment in favor of Defendants on the copyright infringement claim.

**B.** <u>**Second and Third Claims: Unfair Competition Under Business and Professions Code §17200 and Common Law Unfair Competition**</u>

Defendants argue that they are entitled to summary judgment on Plaintiff's second and third claims as well, based on preemption by the Copyright Act. The Court agrees.

It is well-established that the Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright," as defined by the Act. 17 U.S.C. § 301(a). As stated by the Ninth Circuit, the Copyright Act preempts a state claim if (1) the rights that the plaintiff asserts under state law are equivalent to those protected by the Act; and (2) the work involved falls within the subject matter of the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1988).

There is no question that Plaintiff's unfair competition claims arise out of the same alleged infringement by Defendants. In fact, Plaintiff concedes preemption as to the second claim. As to the third claim, however, Plaintiff argues no preemption because it alleges that Defendants stole Plaintiff's

| Case No. | **CV 13-03532-RGK (PJWx)** | Date | hearing: 4/7/14 |
|---|---|---|---|
| Title | ***MONE DESIGN, INC. v. CRACKER BARREL OLD COUNTRY STORE and JASSOON, INC.*** | | |

garments and falsely represented the clothing design as their own. According to Plaintiff, such allegation spares the claim from preemption because the Copyright Act does not protect useful articles like garments.

Plaintiff's argument is untenable. Plaintiff's Complaint states in pertinent part, "Defendants' actions . . . of knowingly and wrongfully copying the Mone Designs was intentionally designed to misappropriate Plaintiff's goodwill and damages competition in that such unlawful business acts deceive the public in violation of common law." (Compl. at ¶21.) This allegation demonstrates that (1) the rights Plaintiff asserts are equivalent to those protected by the Act; and (2) the subject matter of the claim falls within the subject matter of the Copyright Act. While Plaintiff does, in fact, use the word, "garment," in its Complaint, and states that Plaintiff and Defendants both sell clothing apparel, these allegations do not transform the claim into one that extends beyond a claim of infringement.

As a matter of law, the Court finds that the Copyright Act preempts Plaintiff's second and third claims. The Court grants summary judgment in favor of Defendants on these claims.

## V.    <u>EVIDENTIARY OBJECTIONS</u>

To the extent the Court relies on evidence to which the parties object, those objections are overruled.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Partial Summary Judgment. The Court orders Defendants to submit a Proposed Judgment consistent with this Order no later than ten (10) days from the date this Order is entered.

**IT IS SO ORDERED.**

_____    :    _____

Initials of Preparer          mku